UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDUARDO IZAGUIRRE AND<br>AVELINDA IZAGUIRRE | CIVIL ACTION NO. 23-220 |
| VERSUS | |
| NORTH LIGHT SPECIALTY<br>INSURANCE COMPANY | |

## ANSWER

NOW INTO COURT, through undersigned counsel, comes North Light Specialty Insurance Company ("Defendant"), which in answer to the Complaint of Plaintiffs and with respect represents:

1.

The allegations of Paragraphs 1 are denied, except to admit the status of defendant in that it is incorporated and has its principal place of business in the State of Illinois.

2.

The allegations of Paragraphs 2 are denied, except to admit a policy issued to Complainant is the best evidence of its terms and limitations and is pled herein as if copied in extenso.

3.

The allegations of Paragraph 3 are denied as written.

4.

The allegations of Paragraph 4 are denied as written.

5.

The allegations of Paragraph 5 are denied.

6.

The allegation of Paragraph 6 is denied.

7.

The allegations of Paragraph 7 are denied.

8.

The allegations of Paragraph 8 are denied.

9.

The allegations of Paragraph 9 are denied.

10.

The allegations of Paragraph 10 are denied.

11.

The allegations of Paragraph 11 are denied.

12.

Defendant demands trial by jury.

## DEFENSES

### **DEFENSE**

Plaintiffs fail to state a claim upon which relief can be granted for certain claims.

### **DEFENSE**

Plaintiffs' claims are barred by his failure to mitigate, minimize, or avoid the damages and losses alleged.

### **DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by the equitable doctrines of waiver, estoppel, *res judicata*, laches, and/or unclean hands.

### DEFENSE

Plaintiffs' claims are all subject to all terms, conditions, exclusions, deductibles and endorsements of their homeowners policy as set forth in the policy, and any policy issued by Allstate is the best evidence of its terms and limitations and is pled herein as if copied *in extenso*.

### DEFENSE

Plaintiffs are responsible for reading his policy, as well as any renewal notices, and is presumed to know the provisions of the policy, including the insurer's limits of liability, and may not avail himself of ignorance of the policy or law.

### DEFENSE

Plaintiffs' claims are subject to credit for any payments received from Defendant.

### DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the doctrines of waiver, payment, estoppel, and set-off. Plaintiffs' claims are also barred in whole, or in part, by his own judicial admissions.

### DEFENSE

Plaintiffs' policy specifically excludes coverage for loss caused by "[e]nforcement of any building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair, placement or demolition of any building structure, other structure or land at the residence premises."

**DEFENSE**

Plaintiffs' policy specifically excludes coverage for loss caused by "[t]he failure of the insured person to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover."

**DEFENSE**

Plaintiffs' policy specifically excludes coverage for loss caused by "(a) wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect; (b) mechanical breakdown; . . . (d) rust or other corrosion; (e) settling, cracking, shrinking, bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings . . . ."

**DEFENSE**

Plaintiffs' policy specifically excludes coverage for loss caused by faulty, inadequate or defective: (a) planning, zoning, development, surveying, siting; (b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (c) materials used in repair, construction, renovation or remodeling; or (d) maintenance of property whether on or off the residence premises by any person or organization.

**DEFENSE**

Plaintiffs' claims are barred in whole or in part to the extent that Plaintiffs have already been fully compensated for all covered losses through payment of his claims.

**DEFENSE**

Allstate denies that it acted arbitrarily, capriciously, or without probable cause, and denies that it violated any of the statutory provisions pled by Plaintiff, including La. Rev. Stat §§

4

22:1892 and 22:1973. Allstate further avers that at all times pertinent hereto, it acted in good faith and in compliance with all applicable statutory law.

**DEFENSE**

Plaintiffs' recovery under the policy is limited to the applicable policy limits reflected on the declarations page of that policy and conditions.

**DEFENSE**

Defendants' policy provides that it will pay no more than actual cash value until actual repair or replacement is completed, which provision is applicable in this case.

**DEFENSE**

To the extent that Plaintiffs have suffered damage, it was caused by third parties and not by Defendant. Defendant is not liable for such damage. Plaintiff has sued third parties for this claimed loss, a contractor, supplier and manufacture of materials for whom Defendant has no responsibility.

**DEFENSE**

To the extent that monies recoverable under Plaintiffs' policy are payable to a mortgagee or other third party, Defendant is entitled to a set-off for any amounts paid to the mortgagee or third party, and is entitled to fully or partially satisfy any judgment that may be entered herein by payment to the mortgagee or third party, to the extent of the mortgagee's or third party's interest.

**DEFENSE**

Plaintiffs' claims are preempted or barred in whole or in part.

**DEFENSE**

Plaintiffs' claims of bad faith are barred, in whole or in part, by the United States Constitution, including, but not limited to the substantive and procedural guarantees of the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, the Supremacy Clause, the Impairment of Contract Clause, the Takings Clause of the Fifth Amendment, the Equal Protection Clause and the Commerce Clause, and by the Louisiana Constitution.

**DEFENSE**

Granting the relief sought by Plaintiffs would unjustly enrich Plaintiffs.

**DEFENSE**

Plaintiffs' policy contains provisions requiring assistance and cooperation on behalf of the insured. To the extent that Plaintiff breached these provisions, any alleged coverage is precluded under the policy, and the policy is plead herein as if copied in full.

**DEFENSE**

Plaintiffs have no right to recover penalties, attorneys' fees, and/or costs, and in any event under La. Rev. Stat. §22:1892.

**DEFENSE**

Defendant avers all applicable federal and state prescriptive and/or peremptive statutory time limitations as a bar to any recovery of Plaintiff herein.

**DEFENSE**

Any potential damages awarded for physical damage to Plaintiffs' structure, personal property, and contents are limited to the difference between the pre-loss value of Plaintiffs' structure, personal property, and contents, and the post-loss value of Plaintiffs' structure, personal property, and contents, less any payments that are received under any other insurance

policies or from any other source for damage to Plaintiff's structure, personal property, and contents.

**DEFENSE**

The comparative fault and/or negligence of Plaintiffs, including the failure to review the terms of coverage, the failure to properly communicate with the insurance agent and/or any mortgagees, and the failure to act as a prudent person under the circumstances, diminishes or bars Plaintiffs' recovery herein.

**DEFENSE**

Defendant contends that there is no cause of action for the claims asserted herein; however, should this Court find any negligence and/or fault on the part of Defendant, which is specifically denied, then Defendant avers that the limitations set forth in Louisiana law, specifically that each party cannot be liable for more than any degree of fault assessed to each party and that each party cannot be solitarily liable with the other party or non-party, apply here.

**DEFENSE**

Defendant specifically denies that it breached any duty to Plaintiffs with respect to the procurement and/or maintenance of Plaintiffs' policy.

**DEFENSE**

Defendant denies that it breached its contractual or statutory duties to Plaintiffs; however, should Plaintiffs establish a breach of contract and/or violation of statutory duties, Plaintiff has not suffered any real damages as a result of said breach and/or violation of statutory duties.

**DEFENSE**

Defendant asserts that Plaintiffs are not entitled to additional living expenses under his policy, as plaintiffs have been compensated for additional living expenses.

**DEFENSE**

Defendant owes no damages to Plaintiffs to the extent that Plaintiffs have violated and consequently voided coverages that might have been afforded by virtue of the following:

    a.    Refusing or failing to provide satisfactory proof of loss;

    b.    Refusing to provide information that has been specifically requested;

    c.    Failing to cooperate with the adjuster and claims representative in the investigation of the claims; and

    d.    Any other circumstances discovered between now and the trial of this matter.

**DEFENSE**

To the extent that the damages sought by Plaintiffs were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, then the policy only requires Defendant to pay the proportionate amount that this insurance bears to the total amount of all applicable insurance.

**DEFENSE**

To the extent that the damages sought by Plaintiffs were caused in whole, or in part, by a covered peril, and any other insurance provides coverage for that covered peril, Defendant is entitled to credit and/or set-off for any payments made to Plaintiffs under that other insurance coverage for the same loss at issue here in accordance with the terms of the policy.

**DEFENSE**

To the extent that Plaintiffs' policy contained a Deductible, Plaintiffs' claims are subject to the application of the Deductible as set forth in the policy.

### DEFENSE

Plaintiffs' claims are barred in whole or in part by the absence of any material misrepresentations, misleading disclosures, or omissions made by Defendant, or anyone acting on Defendant's behalf, to Plaintiffs upon which Plaintiffs could have reasonably or justifiably relied.

### DEFENSE

Without waiving any of the defenses elsewhere asserted herein, any allegation contained in Plaintiffs' petition which has not been specifically admitted is hereby denied.

### DEFENSE

Defendant gives notice that it intends to invoke any other defense that may become available or appear during the subsequent proceedings in this case and hereby reserves the right to amend this response to assert any such defense.

### DEFENSE

Plaintiffs' policy specifically assesses coverage for a roof payment under a schedule for the age of the roof which calculates to percentage factor for replacement.

WHEREFORE, Defendant prays that this Answer be deemed good and sufficient and after legal delays and due proceedings had, there be judgment herein in favor of Defendant and against Plaintiffs, all at Plaintiff's costs. It is further prayed for trial by jury and for all general and equitable relief afforded under the law.

Respectfully submitted,

/s/ James L. Donovan, Jr.
JAMES L. DONOVAN, JR. (1337)
DONOVAN & LAWLER, APLC
4640 Rye Street
Metairie, LA 70006
Telephone: (504) 454-6808
Facsimile: (504) 887-5885
Email: jdonovan@donovanlawler.com
Attorney for Defendant

CERTIFICATE OF SERVICE

    I hereby certify that on January 17, 2022 the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ James L. Donovan, Jr.